IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20273-CV-KING

ERNESTO ALONSO MEJIA RODRIGUEZ,

    Plaintiff,

vs.

UNITED STATES DEPARTMETNT OF
HOMELAND SECURITY and
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR DECLARATORY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Complaint for Declaratory Judgment (DE #1), brought under the Administrative Procedures Act (APA), challenging the decision of the United States Citizenship and Immigration Service (USCIS) to withdraw his Temporary Protected Status (TPS) because Plaintiff failed to maintain eligibility under 8 U.S.C. § 244(c)(2)(B). Plaintiff seeks a declaratory judgment that he did not fail to maintain eligibility. After an appeal to the Eleventh Circuit on a jurisdictional issue, the parties filed briefs and memoranda of law pursuant to this Court's Order on the Mandate (DE #17). After a careful review of the briefs and the arguments and legal authorities cited therein, the Court concludes that Plaintiff's request for a declaratory judgment should be denied.

**I.**    **Background**

An alien is ineligible for TPS "if the alien has been convicted of any felony or 2 or more

1

misdemeanors" in the United States. 8 U.S.C. § 1254a(c)(2)(B)(i); 8 C.F.R. §244.4. A "conviction," for purposes of this statute, if defined as follows:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. 8 U.S.C. § 1101(a)(48)(A).

Plaintiff had several criminal charges and convictions, all of which were vacated except two, which form the basis of USCIS's withdrawal of his TPS. The two remaining "convictions" are 1) a 1985 charge for failure to pay a Metrorail fare, where Plaintiff was found guilty, adjudication was withheld, and 25 hours of community service were imposed; and 2) a 1986 charge for possession of marijuana and driving with a suspended license, to which he pled guilty and was sentenced to time served.

## II.   Discussion

This Court "reviews[s] the agency's statutory interpretation of its laws and regulations de novo." *Antipova v. U.S. Atty. Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004). Plaintiff concedes that the statute defining "conviction" is written in the disjunctive—that is, a conviction is defined as *either* a "formal judgment of guilt," *or* if adjudication is withheld, where the alien is found guilty and some form of punishment is imposed (DE #25, p.4 n.3). Put another way, if the Court finds that a "formal judgment of guilt" was entered, the inquiry ends and the Court need not proceed to the second prong of the statute. *See Perez v. Elwood*, 294 F.3d 552, 562 (3d Cir. 2002); *Alcaraz v. Atty. Gen.*, 312 Fed. Appx. 447, 3448 (3d Cir. 2003); *Griffiths v. INS*, 243 F.3d 45, 52-53 (1st Cir. 2001).

Plaintiff concedes that the 1985 charges for failure to pay a Metrorail fare qualify as a

"conviction" under the statute (DE #19, p. 10); however, he disputes whether the 1986 marijuana and suspended license charges so qualify. Plaintiff devotes a substantial portion of his briefs to arguing that the 1986 charges do not qualify under the requirements (finding of guilt plus punishment) of the second prong of the statute. However, as Plaintiff later concedes and the above-cited cases make clear, the requirements of the second prong of the statute only apply when adjudication is withheld, which did not occur in the 1986 charges. Thus, this case is properly resolved under the first prong of the statute.

Under the first prong of the statute, a criminal charge qualifies as a "conviction" if there is a "formal judgment of guilt of the alien entered by a court." The parties have not cited any Eleventh Circuit cases construing this provision, and therefore this Court looks to other circuits for guidance. A formal judgment of guilt must be something more than a simple guilty plea. *Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 329 (2d Cir. 2007). Moreover, it must be something more than a simple finding of guilt. *Griffiths,* 243 F.3d at 53. For instance, in *Griffiths*, the Massachusetts procedure of placing a criminal charge "on file," not imposing sentence and suspending any further disposition, did not qualify as a formal judgment of guilt. *Id.* In fact, a formal judgment of guilt should be something akin to that required by Federal Rule of Criminal Procedure 32(K)(1). *Perez v. Elwood*, 294 F.3d 552, 562 (3d Cir. 2002). Rule 32(K)(1) provides: "In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence."

Here, Plaintiff's 1986 criminal charges resulted in a formal judgment of guilt. The state criminal court records attached to this docket (DE #1, p.54-56) show that Plaintiff was charged with marijuana possession and driving with a suspended license. He pled guilty and was sentence to time served. The state court had before it the police report and probable cause

affidavit, detailing Plaintiff's conduct. Thus, the records demonstrate that the state court considered the factual circumstances surrounding Plaintiff's arrest, accepted Plaintiff's guilty plea, adjudicated him guilty, and sentenced him to time served. Further, all of this was set forth in the official court record. This is more than a simple finding of guilt or guilty plea, and it comports with Rule 32's requirements. Florida criminal courts have a specific procedure for withholding adjudication, which was not used in Plaintiff's case[1]. In sum, the record shows that Plaintiff's 1986 charges resulted in a formal judgment of guilt, sufficient to qualify as a conviction under the statute.

### III.  Conclusion

Because Plaintiff's 1986 charges qualify as a conviction, Plaintiff therefore has at least two misdemeanor convictions, rendering him ineligible for Temporary Protected Status. Accordingly, after a careful review of the briefs and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED**, and **DECREED** that:

1. Plaintiff's Complaint and Request for Declaratory Judgment (DE #1) be, and the same is hereby **DENIED.**
2. All pending motions are **DENIED as MOOT**.
3. The Clerk shall **CLOSE** this case.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 19th day of August, 2009.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

---

[1] In fact, such a procedure was utilized for Plaintiff's 1985 charges.

**Cc:**
**Counsel for Plaintiff**
Elliot H. Scherker
Greenberg Traurig
1221 Brickell Avenue
Miami , FL 33131
305-579-0500
Fax: 579-0717
Email: scherkere@gtlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Oscar Levin
Greenberg Traurig
1221 Brickell Avenue
Miami , FL 33131
305-579-0880
Fax: 961-5880
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Stephen James Binhak
Greenberg Traurig
1221 Brickell Avenue
Miami , FL 33131
305-579-0862
Fax: 579-0717
Email: binhaks@gtlaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Defendant**
Charles S. White
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
305-961-9286
Fax: 530-7139
Email: charles.white@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED